CAMDEN COUNTY CIRCUIT COURT.

HERBERT J. KOEHLER, RECEIVER OF J. R. TUCKER, IN-
CORPORATED, PLAINTIFF, v. HENRY A. GILBERT, DE-
FENDANT.

Submitted May 2, 1928—Decided May 3, 1928.

For the motion, *Norman Harker*.

*Contra, Louis B. LeDuc.*

DONGES, J. Defendant moves to strike out the complaint.
The objection is offered that the agreement in question is
not sufficient to meet the requirements of the statute of
frauds. *Pamph. L.* 1911, *p.* 703; *Pamph. L.* 1918, *p.* 1020.

The complaint alleges that the plaintiff, having authority
to make sale of defendant's property, effected such sale, and
on September 1st, 1925, and thereafter, defendant executed
and delivered to J. R. Tucker the following agreement:

"September Eighth
1 9 2 5

Mr. J. R. Tucker, Realtor,
313 Market Street,
Camden, N. J.

Dear Sir:
In consideration of your effecting a sale on the lot located
at Haddon and Hopkins avenues, Haddonfield, I hereby
agree to pay you a commission of two and one-half per cent.,

one hundred dollars [$100] of which is given you herewith, balance of four hundred and sixty-two dollars and fifty cents [$462.50] to be paid at time of settlement.

Yours very truly,<br>[Signed] HENRY A. GILBERT."

It is further alleged that Tucker procured the purchaser and in all respects performed the services for which the sum stated was to be paid.

In my opinion, the motion cannot prevail. In view of the language of the statute above mentioned, a written authorization to sell is not required, but a written recognition of the authority for selling, together with statement of the person to whom the payment is to be made and the sum due, &c., is all that is required. It seems to me that if the proofs support the complaint, that plaintiff will be entitled to recover, under authority of *Clark* v. *Griffin,* 95 *N. J. L.* 508, and *Steinberg* v. *Mindlin,* 96 *Id.* 206.

The motion is denied.